# Vulcanite Paving Co. *v.* Ruch et al., Appellants.

*Contract—Paving—Question for jury.*

In an action on a contract to recover the price of paving a street, it appeared that it was the duty of the defendants under a city contract to repair a portion of a street after laying a water main. The defendants employed the plaintiffs to do the work. All that the plaintiffs had to guide them as to the extent of the paving required was the following sentence in a letter addressed to them by defendants: "We laid a forty-inch water pipe at that point. I suppose the ditch is six feet wide, the full width of Broad street." There was evidence that the bank on each side of the ditch had caved in. Held the amount of the paving done was properly left to the jury.

*Evidence—Memorandum book—Reversal.*

The admission in evidence of a memorandum book used by witness to refresh his memory, is not sufficient ground for reversal, even if such admission was erroneous, where under the circumstances it could have done the defendant no harm.

Argued Jan. 14, 1892. Appeal, No. 13, Jan. T., 1892, by George W. Ruch et al., trading as George W. Ruch & Co., defendants, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1890, No. 890, on verdict for the Vulcanite Paving Co., plaintiff. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on contract for paving.

The facts appear in the opinion of the Supreme Court.

At the trial before ARNOLD, J., George H. Filbert, a witness for the plaintiff, was asked the question:

" Q. Did you see the work before it was commenced by the Vulcanite Paving Company as to what paving was necessary to be done as the result of the Messrs. Ruch's digging the ditch?"

" A. No."

Mr. O'Callaghan objects to the witness testifying as to the extent of the work done, because the witness does not know how much paving was necessary to be done at this point for or on account of the defendants. Objected to.

Objection overruled and exception. [1]

" I measured, as I said before, and found the distance as I had given them. Mr. Lomax held one end of the tape-line

and I the other. I measured this work after it had been torn up and the foundation laid. I saw no cracks in it, as I did not see it before it was torn up, and only saw it after the founda tion and asphaltum was laid. I made a memorandum at the time I did the measuring. This is the memorandum book in which I placed the measurements I made on the day I went there." Memorandum book offered in evidence.

Mr. O'Callaghan objects to the memorandum book being offered in evidence because it has not been shown that the paving which was measured and the quantity was not done on account of the Messrs. Ruch, and the witness is not able to testify how much of the paving was necessitated by reason of the ditch dug by Ruch, and because it contains an entry of twenty-three loads of asphalt alleged to have been delivered and used in this work, and because the book is incompetent evidence for this purpose. Objected to.

Objections overruled and exception. [2]

A witness for the plaintiff testified that the bank on each side of the ditch had caved in.

The court charged as follows :

" This is entirely a matter for you, if you find that the plaintiff did the amount of paving which they claim and about the price of which there seems to be no controversy, and that this paving was necessary by reason of the breaking of the street by the defendants, and the plaintiff company were directed to lay this much pavement by the city of Philadelphia, then your verdict will be for the plaintiff for the full amount of their claim.

" If on the other hand, you find that they did not do the work, and you find that the plaintiffs, instead of laying the quantity of pavement they claim to have laid but only laid the pavement six feet wide, although the defendants say that a liberal allowance for the breaking of the street at each side of the trench be a foot and a half, and that they only laid nine feet of pavement, instead of twenty-two feet as they claim in some parts of the street, then you ought to find a verdict for the plaintiff for the sum the defendants admitted they owe the plaintiff company.

" It is entirely a question of fact for you, you have the book here in which it is shown certain materials were delivered at

this point, and that those materials were sufficient to pave a certain number of square yards equal to that claimed to have been laid by the plaintiff; and if you find that they did the work of paving this number of square yards which they claim, and it was made necessary by reason of the defendants digging over the ditch across Broad street, then your verdict will be for the plaintiff for the full amount of their claim. I leave the case with you."

Verdict and judgment for plaintiffs. Defendants appealed.

*Errors assigned* were (1, 2) the rulings on the evidence.

PER CURIAM, January 25, 1892.

The principal complaint here is, that the plaintiff company has charged the defendants with more paving than the contract called for. The contract itself appears only in the correspondence between the parties, and it is by no means definite as to the extent of the paving to be done. The defendants, under a contract with the city of Philadelphia, dug a ditch along York street, crossing Broad street, for the purpose of enabling the said city to lay a forty-inch water main. Under their contract it was the duty of the defendants to repave Broad street after the laying of the water pipe. The defendants employed the plaintiff company to do this paving, and, in their letter of March 29, 1890, they say: "We laid a forty-inch water pipe at that point. I suppose the ditch is six feet wide—the full width of Broad street." This is all the plaintiff company had to guide it as to the extent of the paving required. If by the caving in of the ditch, or other cause, the ditch was widened at the top and the pavement broken, it would necessitate an additional pavement besides the six feet. The amount of paving, therefore, was properly left to the jury, and we see no error in the manner of its submission. The evidence of the witness, Filbert, bore upon this point, and was properly admitted.

The admission of the memorandum book, referred to in the second specification, even if erroneous, is not a sufficient ground of reversal. Under the circumstances, it could have done the defendant no harm.

Judgment affirmed.